UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 07-4159(DSD/SER)

John A. Case and
Dorothy A. Case,

      Plaintiffs,

v.                                        **ORDER**

Novartis Pharmaceuticals
Corporation,

      Defendant.

This matter is before the court upon the responses of the parties regarding possible transfer of this action pursuant to 28 U.S.C. § 1404(a). Based on a review of the file, record and proceedings herein, and for the following reasons, the court transfers this action to the United States District Court for the Northern District of Illinois.[1]

**BACKGROUND**

This is one of thousands of product-liability actions filed in the District of Minnesota by plaintiffs who have no connection to Minnesota against defendants who have no connection to Minnesota regarding events that did not occur in Minnesota and that had no impact within Minnesota. The vast majority of these actions have been filed in this district because, if they were filed by the

---

[1] The parties agree that the court should transfer this action to the Northern District of Illinois.

plaintiffs in their home states (or almost anywhere else), they would be dismissed under the applicable statutes of limitations.

This case is typical. Plaintiffs John A. Case and Dorothy A. Case are citizens of Illinois. Compl. ¶¶ 2-3. Defendant Novartis Pharmaceuticals Corporation (Novartis) is incorporated in Delaware and has a principal place of business in New Jersey. Id. ¶ 4.

On October 2, 2007, plaintiffs filed suit, alleging that John Case developed osteonecrosis of his jaw bone as a result of taking Aredia and Zometa, two drugs manufactured by Novartis. Dorothy Case also alleged a claim for loss of consortium. On November 26, 2007, pursuant to an order by the Judicial Panel on Multidistrict Litigation, the case was transferred to the Middle District of Tennessee for pretrial proceedings. See ECF No. 4. The case was remanded to the District of Minnesota on January 10, 2014. On January 22, 2014, the court ordered the parties to submit briefs discussing transfer of this action. The parties timely responded, and the court now considers transfer under § 1404(a).

## DISCUSSION

Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). Deciding whether to order a transfer under § 1404(a) "require[s] a case-by-

2

case evaluation of the particular circumstances at hand and a consideration of all relevant factors." Terra Int'l, Inc. v. Miss. Chem. Corp., 119 F.3d 688, 691 (8th Cir. 1997) (citations omitted). The relevant factors generally fall into three categories: (1) the convenience of the parties; (2) the convenience of the witnesses; and (3) the interests of justice. Id. (citation omitted). There is, however, "no exhaustive list of specific factors to consider." Id.

I. **Convenience of the Parties and Convenience of the Witnesses**

In this action, no party is located in Minnesota, no relevant event occurred in Minnesota, no alleged injury was suffered in Minnesota and no evidence is present in Minnesota. Minnesota does not appear to be convenient for anyone — including plaintiffs, who live in Illinois.[2] Moreover, Caraballo's prescribing and treating physicians are presumably in Illinois. See LeMond Cycling, Inc. v. Trek Bicycle Corp., No. 08-1010, 2008 WL 2247084, at *3 (D. Minn. May 29, 2008) ("More importantly ... the focus is on the

---

[2] Of course, plaintiffs can choose to inconvenience themselves and, if litigating in Minnesota were convenient for defendants and third-party witnesses, the court would not transfer the case solely to eliminate an inconvenience that plaintiffs want to bear. See CBS Interactive Inc. v. Nat'l Football League Players Ass'n, Inc., 259 F.R.D. 398, 409 (D. Minn. 2009) ("[Plaintiffs] chose to litigate this action in Minnesota and it would be paradoxical for that choice to be dislodged by any inconvenience it elected to bear in litigating its action in this locale." (citation and internal quotation marks omitted)). For the reasons described above, however, litigating in Minnesota would not be convenient for defendants or third-party witnesses.

3

inconvenience caused to nonparty witnesses ....").  As a result, the first two factors favor transfer.

**II.  Interests of Justice**

The interests of justice typically involve considerations of "(1) judicial economy, (2) the plaintiff's choice of forum, (3) the comparative costs to the parties of litigating in each forum, (4) each party's ability to enforce a judgment, (5) obstacles to a fair trial, (6) conflict of law[s] issues, and (7) the advantages of having a local court determine questions of local law." <u>Terra Int'l, Inc.</u>, 119 F.3d at 696 (citation omitted).  Other than the plaintiff's choice of forum, all factors either support or are neutral regarding transfer.  Therefore, the interests of justice favor transferring this action.

**CONCLUSION**

Accordingly, based on the above, **IT IS HEREBY ORDERED** that this action is transferred to the United States District Court for the Northern District of Illinois.

Dated:  February 27, 2014

<u>s/David S. Doty</u><br>
David S. Doty, Judge<br>
United States District Court